**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Dean Endreson,<br><br>Petitioner,<br><br>vs.<br><br>Charles L. Ryan, Director of the Arizona Department of Corrections; and the Attorney General of the State of Arizona,<br><br>Respondents. | No. CV-18-1403-PHX-DGC (DMF)<br><br>**ORDER** |

Petitioner Robert Dean Endreson has filed a petition for writ of habeas corpus and a motion for discovery. Docs. 1, 10. Magistrate Judge Deborah M. Fine issued a report recommending that the petition and motion be denied ("R&R"). Doc. 11. Petitioner filed an objection. Doc. 16. Respondents filed a response to the objection. Doc. 17. For reasons stated below, the Court will accept the R&R and deny the petition and motion.

**I.  Background.**

Petitioner was convicted of first-degree murder in two separate state court cases in 1969. *See State v. Endreson*, Case Nos. CR-54712, CR-54669 (Maricopa Cty. Super. Ct.); *see also State v. Endreson*, 498 P.2d 454 (Ariz. 1972); *State v. Endreson*, 506 P.2d 248 (Ariz. 1973). He was sentenced to death in each case, but the sentences were later reduced to life imprisonment in the wake of *Furman v. Georgia*, 408 U.S. 238 (1972). *See Endreson*, 506 P.2d at 249.

The murders occurred on March 12, 1968. *See id.*; *Endreson*, 498 P.2d at 455. Petitioner was 20 years old, but was a "juvenile" by law because Arizona's age of majority at the time was 21 years. *See Stanley v. Stanley*, 541 P.2d 382, 382 (Ariz. 1975). The legislature later reduced the age of majority to 18 years. *See id.*; A.R.S. § 8-101(1) (effective Aug. 13, 1972).

On August 28, 2013, the state trial court appointed counsel for Petitioner and initiated a Rule 32 post-conviction relief proceeding to address the effect of *Miller v. Alabama*, 567 U.S. 460 (2012), on Petitioner's life sentences. Doc. 8-1 at 17-19. In *Miller*, the United States Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 472. After briefing on *Miller*, the state court determined that the decision applied retroactively, but denied relief because Petitioner was older than 18 when he committed the murders. Doc. 8-3 at 24-30.

The Arizona Court of Appeals granted review but denied relief. *Id.* at 55-58; *see State v. Endreson*, No. 1 CA-CR-14-0577 PRPC, 2016 WL 5073985 (Ariz. Ct. App. Sept. 20, 2016). The court found that while *Miller* makes frequent reference to "children" and "juveniles," the decision has no application to Petitioner's case because the ultimate holding applies only to "those under the age of 18 at the time of their crime[.]" *Endreson*, 2016 WL 5073985, at *1 (quoting *Miller*, 567 U.S. at 465). The court noted that the Supreme Court's intention "to draw the line at 18 years of age in *Miller* is made clear by earlier decisions that likewise established constitutional limitations on the sentencing of juvenile offenders." *Id.* at *2 (citing *Graham v. Florida*, 560 U.S. 48, 74-75 (2010); *Roper v. Simmons*, 543 U.S. 551, 568-74 (2005)). The court affirmed the lower court's ruling that *Miller* provides no basis for granting Petitioner relief from his life sentences because he was over the age 18 when he committed the crimes. *Id.* The court further held that the lower court did not abuse its discretion in declining to hold an evidentiary hearing because the sole issue was a legal one – the

interpretation of *Miller* and its possible application to undisputed facts. *Id.* The Arizona Supreme Court denied review, and the mandate issued May 23, 2017. Doc. 8-3 at 74-76.

Petitioner filed the present habeas petition on May 4, 2018. Doc. 1. Petitioner claims that because he was a juvenile by law at the time of the murders, his life sentences without parole are unconstitutional under *Miller*. *Id.* at 6-31. He further claims that the denial of a post-conviction evidentiary hearing on his *Miller* claim violates his due process rights. *Id.* at 6. Judge Fine recommends that the petition be denied because the Court of Appeals' decision upholding the life sentences was neither contrary to, nor an unreasonable application of, clearly established federal law. Doc. 11 at 9-10.[1]

## II. R&R Standard of Review.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## III. Discussion.

### A. The AEDPA's Standard of Review.

Petitions for writs of habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq. The AEDPA

---

[1] Petitioner appears to be one of the "old code lifers" who fall between Arizona's old statutory scheme when they were sentenced, which called for indeterminate life sentences subject to commutation to a term of years, and an amended statutory scheme for offenders after 1973 that allowed parole after 25 years. The only state law path for "old code" prisoners to ever be released appears to be through the now-rarely used commutation procedure. *See* Doc. 9-2 at 27-29; Steve Twist, *Comments on House Bill 2525*, Ariz. St. L.J. for Soc. Justice, Vol. 1.1, at 88 (2011), *located at* https://ljsj.files.wordpress.com/ 2011/08/comments-on-house-bill-2525.pdf. Even if this "old code" issue could be brought in a federal habeas action, this and any other non-*Miller* issue Petitioner raises in his habeas petition was not exhausted in state court and is now procedurally defaulted without excuse. *See* Doc. 11 at 5-7; 28 U.S.C. § 2254(b)(1), (c).

3

requires federal courts to defer to the last reasoned state court decision, *see Murray v. Schriro*, 882 F.3d 778, 801 (9th Cir. 2018), which in this case is the Arizona Court of Appeals' decision affirming Petitioner's life sentences, *see Endreson*, 2016 WL 5073985. This Court may grant Petitioner's habeas petition only if he shows that the Court of Appeals' decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1).[2]

The AEDPA "reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)). The Court therefore must "avoid applying [the] AEDPA in a manner that displays 'a lack of deference to the state court's determination and an improper intervention in state criminal processes.'" *John-Charles v. California*, 646 F.3d 1243, 1253 (9th Cir. 2011) (quoting *Harrington*, 562 U.S. at 104)).

**B.    Judge Fine's R&R.**

Judge Fine agreed with the Arizona Court of Appeals' reasoning that *Miller*, *Graham*, and *Roper* were based on an age-drawn line of 18 years between juveniles and adults for purposes of criminal sentencing. Doc. 11 at 9. The Court of Appeals, Judge Fine found, reasonably concluded that Petitioner is not entitled to relief because there is no clearly established Supreme Court precedent holding that the imposition of a life sentence without parole on a 20-year old offender, or on a person over 18 years of age but not older than the state's age of majority, violates the Eighth Amendment. *Id.* at 10 (citing *White v. Woodall*, 572 U.S. 415, 426 (2014) ("'[I]f a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not

---

[2] Because there is no dispute that Petitioner was 20 years old at the time of the murders, and under the age of majority pursuant to then-existing state law, the Court of Appeals' application of *Miller* was not "based on an unreasonable determination of the facts[.]" § 2254(d)(2).

1  'clearly established at the time of the state-court decision.'") (citation omitted); *Harrington v Richter*, 562 U.S. 86, 101, 131 (2011) ("It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme Court].")). Judge Fine further found that the lack of an evidentiary hearing in state court did not deny Petitioner due process because the Court of Appeals assumed that Petitioner was 20 years old and a "juvenile" by law at the time of the murders. *Id.*

Judge Fine recommends that Petitioner's motion for discovery be denied because he has failed to show good cause. *Id.* at 11. Specifically, he presents no specific allegations showing a "reason to believe that [he] may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Id.* (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)).

### D.    Petitioner's Objection.

Petitioner's objection essentially reiterates the arguments made in his petition. He contends that his life sentences are unconstitutional under *Miller* because he was "a juvenile from day one" under Arizona law. Doc. 16 at 1. He notes that Judge Fine acknowledged that the majority age in Arizona was 21 years at the time of his crimes. *Id.* at 3.

As the Arizona Court of Appeals rightly explained, "*Miller* placed a constitutional limitation on the states' authority to sentence offenders who committed their offenses when they were under the age of 18, not offenders who committed their offenses before they reached the age of majority as that may be defined by each individual state." *Endreson*, 2016 WL 5073985, at *1. The Supreme Court's opinion in *Graham* referred often "to 'juvenile offenders' in general, but drew a 'clear line' to differentiate between who is and who is not a 'juvenile offender.'" *Id.* at *2 (quoting *Graham*, 560 U.S. at 74). The Court expressly held that "[b]ecause 'the age of 18 is the point where society draws the line for many purposes between childhood and adulthood,' those who were below that age when the offense was committed may not be sentenced to life without parole for a

nonhomicide crime." *Graham*, 560 U.S at 74-75 (quoting *Roper*, 543 U.S. at 574). And the Supreme Court held in *Roper* that states could not impose the death penalty for offenders the Court repeatedly identified as "juvenile offenders under 18." 543 U.S. at 568-74.

The defendant in each of these cases was younger than 18 at the time of the offense. *See Miller*, 567 U.S. at 465 (age 14); *Graham*, 560 U.S. at 52 (age 16); *Roper*, 543 U.S. at 555 (age 17). The Arizona Court of Appeals reasonably held that, "[b]ecause [Petitioner] was over 18 when he committed his offense, . . . *Miller* provides no basis for granting him relief from his life sentence." *Endreson*, 2016 WL 5073985, at *2.

In his request for discovery, Petitioner seeks production of underlying state court records concerning his sentencing and legislative materials relating to the change in the age of majority. Docs. 10 at 5-6, 16 at 1. He asserts that the discovery "will make the case more accessible." Doc. 10 at 1. But this discovery will not change the fact that the Supreme Court has drawn the line of constitutional significance in *Miller*, *Graham*, and *Roper* at age 18. Judge Fine correctly concluded that Petitioner has failed to show "good cause" for the discovery. Doc. 11 at 11 (citing *Gramley*, 520 U.S. at 904; Rule 6(a) of the Rules Governing § 2254 Cases).

**IT IS ORDERED:**

1. Judge Fine's R&R (Doc. 11) is **accepted**.
2. Petitioner's petition for writ of habeas corpus (Doc. 1) is **denied**.
3. Petitioner's motion for discovery (Doc. 10) is **denied**.
4. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied**.
5. The Clerk is directed to **terminate** this action.

Dated this 5th day of March, 2019.

David G. Campbell
Senior United States District Judge